UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARFIELD LAWSON,

    Petitioner,

v.

                                            Case No. 2:03-cv-202
                                            HON. RICHARD ALAN ENSLEN

TIM LUOMA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Garfield Lawson filed this petition for writ of habeas corpus challenging the validity of his state court jury conviction for possession of a weapon in jail, carrying a firearm or dangerous weapon with unlawful intent, escape from jail through violence, conspiracy and two counts of assault with intent to commit murder. Petitioner was convicted by a jury on September 23, 1999, and on October 18, 1999, was sentenced to prison terms of one year for the weapons possession, 5 to 15 years for carrying a dangerous weapon, 10 to 15 years for the escape and conspiracy convictions, and life imprisonment for the assault convictions. Petitioner also has sentences for life on unrelated convictions of concealing stolen firearms, assault with intent to commit murder, armed robbery, and taking a firearm from a peace officer. Petitioner was also sentenced to 10 to 15 years for assaulting an employee while escaping jail and possession of a firearm during the commission of a felony.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section

2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. Whether the evidence produced at trial was insufficient to support a finding that defendant assaulted the complainants with intent to murder.

II. Was the Circuit Court jury that tried and convicted defendant drawn from a venire that unconstitutionally under represented the African American community in Saginaw County?

III. Was the state's conspiracy theory no more than conjecture?

IV. Is defendant's sentence to life in prison disproportionate?

Petitioner's convictions arose out of an incident that occurred at the Saginaw County Jail on April 3, 1999. Petitioner was an inmate at the jail along with his co-defendant Kelvin Taylor. Inmate Taylor was returning to his cell unit when he verbally stated that he was in cell number 7. Saginaw County corrections officer Otha Barnett then opened cell number 7. Officer Barnett did not know that petitioner was actually housed in cell number 7. As soon as the cell door opened petitioner came out of the cell. Both petitioner and inmate Taylor, with long shanks in their hands, moved toward the officer . Docket #20, trial transcript 155-156. Petitioner pointed the shank at officer Barnett's neck after the officer was knocked to the ground. *Id.* at 159. Officer Jolin came to assist. Petitioner placed Jolin in a head lock and then went after Officer Lysgorski who was attempting to help the officers. Docket #21, trial transcript at 15. Petitioner then was observed on top of Officer Lysogorski using a choke hold with the shank to the officer's neck. Docket #20 at 161. Petitioner threatened to kill Officer Lysogorski. *Id.* at 162; Docket #21 at 16. Taylor was

attempting to get into the tower by force. *Id.* Officer Barnett was then able to close a gate which separated the two inmates. *Id.* at 163. Eventually, the officers were able to subdue both inmates.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court

- 3 -

identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.*

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 577 U.S. 1040 (1999).

Petitioner argues that there existed insufficient evidence to support the assault with intent to murder and conspiracy convictions. The Michigan Court of Appeals stated:

> Both defendants argue that there was insufficient evidence to support the assault with intent to murder convictions. We disagree. When evaluating a challenge to the sufficiency of the evidence, a reviewing court must examine the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find

> that each element of the crime was proved beyond a reasonable doubt. *People v. Johnson*, 460 Mich 720, 723; 597 NW2d 73 (1999). Questions of credibility and intent are properly resolved by the trier of fact, *In re Forfeiture of $25,505*, 220 mich App 572, 581; 560 NW2d 341 (1996), and deference must be given to the jury's determination. *People v. Lemmon*, 456 Mich 625, 646; 576 NW2d 129 (1998). The elements of assault with intent to commit murder are (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder. *People v. McRunels*, 237 Mich App 168, 181; 603 NW2d 95 (1999). Circumstantial evidence and reasonable inferences that arise from the evidence may satisfy the elements of the crime. *Id.* Minimal circumstantial evidence is sufficient because of the difficulty proving an actor's state of mind. *Id.*
>
> When deciding the question of intent, the jury may consider: (1) the nature of the acts constituting an assault; (2) the temper or disposition of mind with which the acts were performed; (3) whether the instrument and means used were naturally adapted to produce death; (4) the defendant's conduct and declarations prior to, at the time, and after the assault; and (5) all other circumstances that shed light upon the intention with which the assault was made. *People v. Guy Taylor*, 422 Mich. 554, 568; 375 NW2d 1 (1985). When reviewing all of the facts and circumstances and giving deference to the jury's determination, we conclude that there was sufficient evidence of intent to support the convictions. Defendant Taylor lied about his cell placement in order to obtain the release of defendant Lawson. Both men, wielding homemade weapons known as 'shanks,' came at Officer Barnett, knocking him to the ground. On the ground, defendant Lawson held the shank to Barnett's neck, while Taylor held his shank to Barnett's side. Barnett was advised not to resist. Defendants continued to encounter responding officers with threats and gestures of violence and attempted to enter the control tower to gain access to an exit route. Accordingly, there was sufficient evidence to support defendants' convictions for assault with intent to murder.

Michigan Court of Appeals' decision, docket #26 at 2-3.

A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The evidence is to be considered in the light most favorable to the prosecution. *Id.* It is clear that the evidence was sufficient to establish that petitioner committed the crimes. The Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner has asserted that he was denied an impartial jury drawn from a fair cross section of the community. The Michigan Court of Appeals rejected petitioner's claim concluding that petitioner failed to show systematic exclusion of African Americans from the array. The court concluded that petitioner's blanket assertion of systematic exclusion of African Americans was not supported by fact or argument. It is clear that petitioner has a Sixth Amendment right to have his jury drawn from a cross-section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 528 (1975).

> It should also be emphasized that in holding that petit juries must be drawn from a source fairly representative of the community we impose no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particular composition, *Fay v. New York*, 332 U.S. 261, 284, 67 S.Ct. 1613, 1625, 91 L.Ed. 2043 (1947); *Apodaca v. Oregon*, 406 U.S., at 413, 92 S.Ct., at 1634 (plurality opinion); but the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof.

Petitioner has clearly failed to show systematic exclusion of African Americans in the jury panel. The Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light

of the evidence presented in the State court proceeding. Accordingly, it is the opinion of the undersigned that petitioner's claim lacks merit.

Petitioner also maintains that his sentence is disproportionate to his crime. To the extent that petitioner claims that his sentence violates proportionality principles of Michigan state law, the claim is not cognizable in federal habeas corpus. Claimed violations of state sentencing law are not cognizable in federal habeas corpus actions. *See Pulley v. Harris*, 465 U.S. 37 (1984); *Thomas v. Foltz*, 654 F. Supp. 105, 107 (E.D. Mich. 1987); 28 U.S.C. § 2254(a). Petitioner's claim that his sentence violates the Eighth Amendment prohibition of cruel and unusual punishment does not state a claim cognizable in federal habeas corpus. In the Supreme Court's decision in *Rummel v. Estelle*, 445 U.S. 263 (1980), a divided court held that a life sentence for a third non-violent property related offense did not violate the Eighth Amendment. The offenses involved in *Rummel* were presentation of a credit card with intent to defraud another, passing a forged check, and obtaining approximately $120.00 under false pretenses. *See Rummel*, 445 U.S. at 285-86. In the Supreme Court's decision in *Hutto v. Davis*, 454 U.S. 370 (1982), the court held that a 40-year sentence for possession with intent to deliver nine ounces of marijuana did not violate the Eighth Amendment, despite the fact that Davis was not being punished as a repeat offender. "[T]he Eighth Amendment contains no proportionality guarantee." *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). "So long as the type of punishment is not based upon any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violations of state statutes are matters of state concern." *Makal v. State of Arizona*, 544 F.2d 1030, 1035 (9th Cir. 1976). "In most situations, the severity of a sentence alone cannot constitute grounds for habeas corpus relief, and a state sentence will not lightly be set aside." *Newman v. State of Missouri*, 394 F. Supp. 83 (W.D. Mo. 1974). "In considering a habeas corpus petition, a federal

court will not upset, on allegations of unfairness, the terms of a sentence that is within the state statutory limits unless the sentence is so disproportionate to the offense as to be completely arbitrary and shocking." *Bronner v. Henderson*, 517 F.2d 135 (5th Cir. 1975). The maximum penalty under MCL § 750.83 for assault with intent to murder is life imprisonment. Petitioner's sentence fell within the applicable state guidelines. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Moreover, this petition may be denied under the concurrent sentence doctrine because the resolution of these issues in petitioner's favor would have no effect upon petitioner's imprisonment or subsequent parole. *United States v. Burkhart*, 529 F.2d 168 (6th Cir. 1976).

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court

in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Petitioner failed to show that the Michigan Court of Appeals' decision rejecting his claims was an unreasonable decision. There existed sufficient evidence to support petitioner's convictions, petitioner failed to show the jury pool systematically excluded African Americans, or that his sentence was unconstitutional. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
    TIMOTHY P. GREELEY
    UNITED STATES MAGISTRATE JUDGE

Dated: November 3, 2005