UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

GARFIELD LAWSON,

                Petitioner,

                                        Case No. 2:03-CV-202

v.

                                        Hon. Richard Alan Enslen

TIM LUOMA,

                                        **OPINION**

                Respondent.

_____/

Petitioner Garfield Lawson has objected to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of November 3, 2005. In accordance with 28 U.S.C. § 636(b)(1)(B), the Court now reviews Petitioner's Objections *de novo*.

**BACKGROUND**

Petitioner's case arises from his 1999 conviction which involved a coordinated and surprise attack on two jail guards by Petitioner and a second inmate (Kelvin Taylor). The purpose of the attack was an attempted escape, which was foiled. Petitioner now challenges his 1999 convictions and sentences for the offenses of weapon possession in violation Mich. Comp. Laws § 801.262 (one-year sentence), carrying a dangerous weapon with unlawful intent in violation of Mich. Comp. Laws § 750.226 (five to fifteen-year sentence), attempted escape in violation of Mich. Comp. Laws § 750.197c and conspiracy to commit the offense of escape in violation of Mich. Comp. Laws § 750.157a (ten to fifteen-year sentences) and two counts of assault with intent to murder regarding officers Otha Barnett and Joseph Lysogorski in violation of Mich. Comp. Laws § 750.83 (life sentences). (Sentencing Tr. 3-5; *see also* Trial Tr., Vol. I, 24-25). Petitioner filed his Petition for

Writ of Habeas Corpus on or about September 24, 2003.[1]  Petitioner also has received a life sentence on unrelated convictions, which are not challenged herein.

This Petition asserts four constitutional grounds: (1) whether evidence at trial was insufficient to support a finding of guilt on the assault with intent to murder counts (so as to violate the Due Process Clause); (2) whether the jury was drawn from a venire that unrepresented African Americans (so as to violate the Sixth Amendment right to a jury of one's peers); (3) whether the conspiracy evidence at trial was insufficient to support a finding of guilt on the conspiracy count (so as to violate the Due Process Clause); and (4) whether the sentences imposed (life imprisonment) on the assault with intent to murder convictions was disproportionate to the offenses (so as to violate the Eighth Amendment's proscription against "cruel and unusual punishment").

On April 27, 2004, Respondent answered the Petition.  (Dkt. No. 12.)  The pertinent Rule 5 materials were also filed on or about May 4, 2004.  (Dkt. Nos. 16-27.)  Thereafter, Magistrate Judge Greeley issued his Report and Recommendation on November 3, 2005.  His Report was issued in accordance with Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

**LEGAL STANDARDS**

Habeas relief, since 1996, has been limited by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq.,* which provisions are applicable to this case.

---

[1]This is the date that the Petition was signed.  The Petition was docketed by the Clerk on September 26, 2003.  Under Federal Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts, the filing date is the date in which the Petition was deposited into the prison mail system.

AEDPA provides in pertinent part that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As reflected in the statutory language, there are three avenues for habeas relief: (1) for instances of decisions "contrary" to federal law; (2) for instances of an "unreasonable application" of federal law; and (3) for instances of an "unreasonable determination of the facts." Under the case law of the United States Supreme Court and the Sixth Circuit Court of Appeals, a state court decision is "contrary to" federal law only when it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000); *see also Biros v. Bagley*, 422 F.3d 379, 386 (6th Cir. 2005). A state court decision is an "unreasonable application" of federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Factual findings made by the state court, or by state appellate courts based upon the trial record, are presumed to be correct but may be rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Bugh v. Mitchell,* 329 F.3d 496, 500 (6th Cir. 2003); *Biros*, 422 F.3d at 386.

3

## LEGAL ANALYSIS

Applying the above AEDPA standards, the Court finds that Petitioner is not entitled to relief on any of the four grounds asserted. As such, the Report should be adopted as clarified.

Petitioner's first ground is that the trial court permitted his convictions of the assault with intent to murder counts based on legally insufficient evidence (so as to deprive him of due process of law). This Court finds that the evidence was legally sufficient. The assault with intent to commit murder counts arose from an attempted jail escape in which Petitioner and another inmate held shanks to the throats of jail guards. Petitioner held a shank to the throat of Otha Barnett. (Trial Tr., Vol. II, 159.) After fighting with another officer, Petitioner threw Joseph Lysogorski to his back, held his shank to Lysogorski's throat and said that he was going to slice the officer's throat. (Trial Tr., Vol III, 64-66.) Petitioner was then subdued by other guards. Petitioner's Objection attempts to construe the evidence in a light most favorable to him. Of course, this is not the pertinent standard under the Due Process Clause. Petitioner is only entitled to relief if he can show that evidence was insufficient to justify any rational trier of fact's findings of guilt considering the evidence in a light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In that light, the trial evidence was clearly sufficient to justify the convictions.

Petitioner has also argued that the evidence supporting his conviction of conspiracy was constitutionally defective due to insufficient evidence. This argument likewise fails. The attack on the guards was a coordinated surprise attack of two inmates using similar handmade weapons (shanks). (Trial Tr., Vol. II, 154-57.) The evidence of the coordination, surprise and similar weapons was sufficient evidence from which a jury could rationally conclude that Petitioner and inmate

Kelvin Taylor had agreed to assault the guards in connection with their escape attempt, knew of such agreement, and specifically intended to commit the crime of escape. As such, Petitioner does not qualify for relief on this ground.

Petitioner has argued that his conviction was improper because his jury was drawn from a jury venire that did not fairly represent African-Americans. *See Taylor v. Louisiana*, 419 U.S. 522, 528 (1975); *Duren v. Missouri*, 439 U.S. 357, 364 (1979). Although Petitioner has argued that the racial composition of the venire under-represented African-Americans, he has not made any showing that the under-representation was caused by any systematic defect in the jury selection process as opposed to mere happenstance. He has argued that the under-representation on his venire and jury was constitutionally-defective because the Circuit Court utilized the same system of jury selection[2] that was found to be in violation of *Duren* in *People v. Hubbard (After Remand)*, 552 N.W.2d 493 (Mich. Ct. App. 1996). A close reading of *Hubbard*, however, shows that the constitutionally-defective aspect of that jury system was not the use of the venire list (derived from Secretary of State records), but the way in which the prospective jurors were allocated between the District Courts and the Circuit Court (something which changed through the years as to Kalamazoo County) and which, most likely, differs from county to county. *See Hubbard (After Remand)*, 552 N.W.2d at 499-500, 503-04. Petitioner has made no showing that any such allocation problem affected the Saginaw Circuit Court at the time of his jury trial, nor has he shown that a systematic exclusion of African-Americans occurred and affected his jury selection and trial. Therefore, he is not entitled to relief.

---

[2]Petitioner's argument is understood as comparing the Saginaw Circuit Court to the Kalamazoo Circuit Court because of his citation to *Hubbard*. His argument does refer at one point to Kent County, but this is viewed as a misstatement given his focus on the *Hubbard* case, which involved Kalamazoo County and not Kent County.

Petitioner's argument about his sentence being disproportionally long is based on state law and ignores the pertinent federal constitutional authorities, which offer only narrow relief under the Eighth Amendment. Federal constitutional authority supports the conclusion that his life sentences did not violate the Constitution. *See Harmelin v. Michigan,* 501 U.S. 957, 965 (1991); *Ewing v. California*, 538 U.S. 11, 25-29 (U.S. 2003); *see also United States v. Olan-Navarro*, 350 F.3d 551, 554 (6th Cir. 2003). The Supreme Court has allowed stand a sentence of 25 years to life for stealing three golf clubs. *See Ewing, supra*. Petitioner's life sentences for assaulting with intent to murder two jail guards while in custody is far more justified given the public's interests in safe and secure jail facilities. Accordingly, relief was properly denied.

### CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n. 4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. The Court has reviewed the grounds asserted individually as required by the decisions in *Slack* and *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). Upon such review, the Court determines that this standard is not met as to any of the claims for relief asserted because there is no factual basis for the claims asserted and Supreme Court and Sixth Circuit case law forbids relief. Therefore, a certificate will be denied.

**CONCLUSION**

For the reasons given, a Final Order shall enter adopting the Report and Recommendation as clarified herein, denying the Objections, denying the Petition on the merits, dismissing the Petition with prejudice, and denying a certificate of appealability.

                                        /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:                 RICHARD ALAN ENSLEN
     December 7, 2005                   SENIOR UNITED STATES DISTRICT JUDGE

7